■ In the Matter of IBRAHIM DONMEZ, Respondent, v DEPART-MENT OF CONSUMER AFFAIRS et al., Appellants. [33 NYS3d 72]—

Order and judgment (one paper), Supreme Court, New York County (Peter H. Moulton, J.), entered June 20, 2014, which granted the petition pursuant to CPLR article 78 to the extent of finding that respondent Department of Consumer Affairs (DCA or the Department), in its decision dated November 6,

2013, exceeded its authority in denying petitioner's application to renew his pedicab business license based on Administrative Code of City of NY §§ 20-101 and 20-104 (e) (3), and remanded the matter to DCA to complete the processing of petitioner's application for renewal of his license on an expedited basis, unanimously affirmed, without costs.

On September 21, 2012, petitioner, a pedicab driver, was issued a summons for picking up passengers in a non-designated area at the Loeb Boathouse in Central Park (Administrative Code § 20-259) and for failing to display a copy of his photo identification card in a manner visible to passengers and enforcement officers (Administrative Code § 20-258 [b]). Although petitioner owns and operates his own pedicab business, the pedicab driven by petitioner at the time of the violations was owned by a business operated by a third party.

On January 28, 2013, following a hearing, the Administrative Law Judge issued a decision and order finding petitioner guilty of both violations and imposing the maximum fines of $500 on each violation. In approving that decision and order, the DCA Deputy Director of Adjudication additionally stated that "[f]ailure to comply with [the] order within [30] days shall result in the suspension of the license at issue, and may result in the suspension of any other Department of Consumer Affairs license(s) held by [petitioner]." On petitioner's administrative appeal, the DCA Director of Adjudication on June 28, 2013, upheld the decision and order of the Administrative Law Judge. On September 29, 2013, the Department suspended petitioner's pedicab driver license pending satisfaction of the fines, which remained unpaid.

On October 31, 2013, petitioner appeared at the Department to renew his pedicab business license and paid the license fee of $110. According to petitioner, initially DCA refused to accept his application form based upon his two outstanding driver license violations. After his protest, DCA informed him that his application would be denied.

On November 1, 2013, with his outstanding fines for the two pedicab driver license violations still unpaid, petitioner sent an email message to the Executive Deputy General Counsel of DCA, Sanford Cohen, protesting DCA's refusal to permit him to renew his license. In that email message, he explained that he could not afford the $1,000 in driver license fines and that he believed that the fines were "an excessive penalty for two minor violations that has nothing to do with public safety." He also stated, "I will NEVER pay DCA $1,000 for those two minor violations for my first DCA ticket since pedicabs were first

licensed in 2009." Petitioner requested a hearing on the denial of his business license renewal application.

By email message and letter dated November 6, 2013, Mr. Cohen responded that petitioner's business license renewal application would be denied pursuant to Administrative Code §§ 20-104 (e) (3) and 20-101 because his "refusal to pay the assessed fines demonstrate[d] that h[e] lack[ed] the honesty and integrity required of all persons who hold a license issued by the Department."

On November 4, 2013, petitioner commenced this article 78 proceeding pro se, alleging that denial of his pedicab business license renewal application without a hearing violated his right to due process under the Fourteenth Amendment (US Const Amend XIV). As noted above, in an order entered on June 20, 2014, the article 78 court granted the petition. The court held that the refusal of the Department to renew petitioner's business license exceeded the Department's statutory powers based upon its misinterpretation of Administrative Code §§ 20-101 and 20-104 (e) (3). Specifically, the article 78 court found that the Department proffered no legal authority for its contention that petitioner's refusal to pay the fines demonstrated his lack of adherence to standards of honesty and integrity under Administrative Code § 20-101. The court additionally found that Administrative Code § 20-104 (e) (3) authorized DCA action only as to the particular license under which an unpaid fine is issued, which in this case was petitioner's pedicab driver license, and provides for suspension, rather than refusal to renew, such license. Neither section provided any support for DCA's refusal to renew petitioner's pedicab business license, the court concluded. Finding that DCA had exceeded its statutory authority, the court did not reach petitioner's constitutional due process argument.

The Department now appeals.

On this appeal, the Department first argues that the article 78 court erred in failing to recognize its broad discretionary powers, consistent with legislative intent, to deny petitioner's application to renew his business license, based upon its authority to uphold "standards of integrity [and] honesty" under Administrative Code § 20-101.

Section 20-101, entitled "Legislative intent," provides for "protection and relief of the public from deceptive, unfair and unconscionable practices, for the maintenance of standards of integrity, honesty and fair dealing among persons and organizations engaging in licensed activities." That section also sets forth the legislature's intent that DCA issue licenses to busi-

nesses as a means of regulation of business operations, without establishing any standard for denial of renewal of business licenses.

Here, petitioner's violations for picking up passengers at an unauthorized location and for failure to display a photo identification card have no relationship to "protection and relief of the public from deceptive, unfair and unconscionable practices" or "standards of integrity, honesty and fair dealing" in business operations. Therefore, Administrative Code § 20-101 was not a proper basis for DCA's determination not to renew petitioner's pedicab business license.

The Department next argues that the article 78 court erred in failing to recognize that the agency's actions in refusing to renew petitioner's business license were authorized by Administrative Code § 20-104 (e) (3), which gives the agency the authority to suspend a license for any violations of DCA's pedicab licensing rules or regulations.

Administrative Code § 20-104 (e) (3) provides that "[t]he commissioner or the commissioner's designee shall be authorized to suspend the license of any person pending payment of such fine or civil penalty or pending compliance with any other lawful order of the department."

As the article 78 court correctly concluded, the plain meaning of Administrative Code § 20-104 (e) (3) is that "the license" which DCA is authorized to suspend upon failure to pay a fine or penalty is the particular license under which the fine or penalty was issued. Furthermore, the plain meaning of the phrase "or pending compliance with any other lawful order of the department" is that it is applicable to instances of noncompliance with an agency order other than those based upon failure to pay a fine or penalty, which are already expressly referenced in the statute. And, while Administrative Code § 20-104 (e) (3) authorizes the Department to suspend a license for non-payment of a fine, it makes no mention of authorizing the Department to refuse to renew a license for such failure.

In this case, because the fines in question were issued with respect to petitioner's pedicab driver license, rather than his business license, upon petitioner's failure to pay those fines, DCA's authority under section 20-104 (e) (3) was limited to suspension of petitioner's driver license. Thus, the reference by the Deputy Director of Adjudication to possible suspension of any other DCA licenses held by petitioner would not be grounds for refusal to renew his pedicab business license, as such refusal would not be authorized by section 20-104 (e) (3).

In any event, at the time petitioner committed the driver license violations, he was operating a pedicab owned by a business other than his own. Petitioner's own pedicab business played no role in the incident. Further, at the time petitioner applied for renewal of his business license, petitioner's pedicab driver license had already been suspended.

Accordingly, in refusing to renew petitioner's pedicab business license based upon his unpaid driver license fines, DCA exceeded its authority under Administrative Code § 20-104 (e) (3).

We have considered respondents' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Richter, Manzanet-Daniels and Kahn, JJ.